IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARION D. WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL<br>HEALTH CARE, and<br>CONNIE HARRINGTON,<br><br>    Defendants. | Case No. 21-cv-01495-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Darion Wilson brings this pro se civil rights action pursuant alleging he received insufficient medical care while at White County Jail. He seeks injunctive relief and monetary damages. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

  In the Complaint, Wilson states that he suffers from a bulging disk and nerve damage. (Doc. 1, p. 7). In September and November of 2021, he was denied medication for his condition while at White County Jail. He asserts he was taken off of the medication he had previously been prescribed at Vigo County Jail by Nurse Connie and the doctor at White County Jail. Wilson requested his medical records from Vigo County Jail and signed a release form for Nurse Connie,

but he did not receive his records. Wilson also asked Nurse Connie for blood tests and an extra mat, but these requests were denied, as well as "anything else" he requested from medical.

## DISCUSSION

Since Wilson is bringing claims against employees of the White County Jail, it is presumed that he has filed this case pursuant to 42 U.S.C. § 1983 for violations of constitutional rights.[1] Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth or Fourteenth Amendment claim against Advanced Correctional Health Center and Nurse Connie Harrington for denying Wilson medical care in September and November of 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

The proper analytical framework for Wilsons's claim of a constitutional deprivation depends on Wilson's status as a pretrial detainee or convicted person at the time of his injury. If he was a pretrial detainee at the time of the alleged events then his claim is governed by the Fourteenth Amendment objective unreasonableness standard. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was a convicted person, the claim is controlled by the Eighth Amendment deliberate indifference standard. *Estelle v. Gamble,* 429 U.S. 97 (1976). Wilson does not specify his status at the time he was being held at White County Jail. Regardless, Count 1 does not survive under either standard.

---

[1] Wilson indicates he is bringing this action pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 1). Section 1331 grants federal courts jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his motion for recruitment of counsel, he identifies this case as a "1983 civil suit." (Doc. 15, p. 4).
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

Wilson's pleading is insufficient and does not state a plausible claim for a constitutional violation regarding his medical care. He has not explained what medication he required, how many times it was denied, or what effect the denial has on his health. It is also not clear why he needed his blood to be checked. Given the lack of information, the Court cannot determine whether Nurse Harrington may have responded to a serious medical condition in an objectively unreasonable manner or with deliberate indifference. Additionally, Wilson states he seeks monetary damages for "gross negligence." Negligence and gross negligence on the part of Nurse Cunningham or any other medical provider do not satisfy either standard. *McCann v. Ogle Cty. Ill.,* 909 F.3d 881, 886 (7th Cir. 2018).

As for Advanced Correctional Health Care, Wilson states that this company employs Nurse Cunningham and the other providers at White County Jail. But there is no supervisory liability under Section 1983, which means Advanced Correctional Health Care "cannot be held liable solely because it employs [Nurse Cunningham] or other medical staff at the jail." *Pangallo v. Oaklawn,* 2022 WL 1554997, at *2 (N.D. Ind. May 16, 2022) (citing *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020)).

Because Wilson has failed to state a claim against Nurse Cunningham and Advanced correctional Health Care, Count 1 and the entire Complaint will be dismissed without prejudice. Wilson, however, will be given the opportunity to replead his claims in an amended complaint.

### RECRUITMENT OF COUNSEL

Wilson has filed two motions for recruitment of counsel, which are **DENIED.**[3] (Doc. 3, 15). As to the first question, it appears that Wilson has made reasonable efforts to obtain counsel on his own, as he provides the names and addresses of several attorneys he has contacted. As to

---

[3] In evaluating the Motions for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

the second question, Wilson states that he is unable to litigate this case because of ongoing health issues. Wilson was previously beaten and shot and now suffers from headaches. Because of the headaches, he has difficulty reading and retaining concentration for long periods of time. He states that this is first civil rights case, and he does not have any experience or knowledge of what to do. Finally, Wilson claims that he is unable to represent himself because the inmate who was helping him has been transferred, and he is now without assistance.

Nonetheless, the Court finds that Wilson is capable of proceeding pro se, at least for now. Wilson has a GED, and his pleadings indicate that he can read and write in English effectively. Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel would be premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). If the amended complaint survives preliminary review, and once discovery has commenced, Wilson he may refile his motion.

Finally, Wilson filed a motion to withdraw a third motion for recruitment of counsel that was filed on March 18, 2022. (Doc. 14, 16). The motion is **GRANTED** and the motion for recruitment of counsel filed on March 18, 2022 is **DEEMED WITHDRAWN.**

### DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motions for Recruitment of Counsel are **DENIED.** (Doc. 3, 15). The motion to withdraw is **GRANTED.** (Doc. 16). The motion for recruitment of counsel filed on March 18, 2022 is **DEEMED WITHDRAWN.** (Doc. 14).

Wilson is **GRANTED** leave to file a "First Amended Complaint" on or before **August 23, 2022.** It is strongly recommended that Wilson use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case

number for this action (No. 21-cv-01495-SPM). Further, Wilson should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. Wilson should also indicate whether he was a convicted prisoner, a pretrial detainee, or an arrestee at the time of the alleged events. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Wilson a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If Wilson fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

Wilson is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Wilson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 26, 2022**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**